O

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       LAREDO DIVISION


GERARDO DUARTE AND              §
CARMEN DUARTE                   §
     Plaintiffs,                §
                                §  CIVIL ACTION L-05-123
v.                              §
                                §
THE CITY OF LAREDO, TEXAS,      §
     Defendants.                §
```

## MEMORANDUM

     Pending before the Court is Defendant's Motion to Dismiss. However, after reviewing the pleadings in this case and the removal notice, the Court has determined that it does not have subject-matter jurisdiction and will remand this case to state court.

     A federal court is a court of limited jurisdiction. <u>Howery v. Allstate Insurance Co.</u> 243 F.3d 912, 916 (5th Cir. 2001). The party seeking the jurisdiction of the federal courts must prove that jurisdiction exists at the time of removal. <u>Id.</u> Defendants have not met this burden.

     The two primary bases for federal jurisdiction are diversity of citizenship of parties and a case "arising under federal law." <u>See</u> <u>id.</u> Defendant invokes the latter basis, claiming that Plaintiffs' case alleges a due process violation of the federal

constitution.  However, the Defendant can only remove if the Plaintiffs' "well pleaded complaint" presents a federal question. <u>Carpenter v. Wichita Falls Independent School District</u> 44 F.3d 362, 366 (5th Cir. 1995).  "The defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal."  <u>Id.</u>  A federal question is presented when (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. <u>Howery</u>, 243 F.3d at 917.   None of these factors have been met in this case.  The Plaintiffs make no reference to federal law in their pleadings. They allege that the Defendant has essentially taken their property for a public purpose, in violation of the Texas Constitution.  Nowhere do the Plaintiffs allege a violation of the federal constitution or of 28 U.S.C.A. § 1983.

   Defendant argues that the Plaintiffs' use of the words "arbitrary, unreasonable and capricious" in their State pleadings somehow creates a federal cause of action. It is true that in rare situations, when "the plaintiff necessarily has available no legitimate or viable state cause of action but only a federal claim," removal becomes proper even though the pleading is cast as arising exclusively under state law.  <u>Carpenter</u>, 44 F.3d at 366. This is not the case here.  The Texas Constitution does

provide a remedy for the improper taking of property.  Tex. Const. Art. I, § 17.  "The possible reliance by Texas courts on rules and reasoning of federal constitutional case law and scholarship in no way diminishes the independence of the state right." Id. at 368.  Furthermore, the Defendant makes no claim that there can be no takings claim under state law but only that it is immune from such claim. See Defendant's Motion to Dismiss (Docket No. 4).

The Defendant makes the delphic assertion that the Plaintiffs "did not disavow" a federal claim.  Federal jurisdiction cannot be obtained by consent or waiver. Howery, 243 F.3d at 919.  The fact remains that Plaintiffs did not allege a federal claim in their pleadings nor did they argue the existence of one in their response to the motion to dismiss.  On the contrary, they have consistently alleged a violation of the Texas Constitution.  While the Plaintiffs might have been able to bring a federal claim on the alleged facts in this case, they also can choose to proceed in state court on an exclusively state law claim.  See Carpenter *supra*.

The Court concludes that this case does not "arise under" federal law and must be REMANDED to the County Court at Law No. 2, Webb County, Texas.

DONE at Laredo, Texas, this 25th day of October, 2005.

_____
George P. Kazen
United States District Judge